60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Earl Mitchell HARRIS, a/k/a Big Earl, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald FELTON, a/k/a Big Mass, Defendant-Appellant.
 Nos. 94-5312, 94-5317.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 22, 1995.
Decided July 14, 1995.
 
 John Everette Noland, Raleigh, North Carolina; Sharon L. McConnell, PETREE STOCKTON, L.L.P., Raleigh, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Christine Hamilton, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gerald Felton and Earl Mitchell Harris were charged with various drug and firearms offenses in a multi-count indictment. Felton pled guilty to engaging in a continuing criminal enterprise from April 1992 until December 1992, 21 U.S.C.A. Sec. 848 (West Supp.1995). Harris pled guilty to conspiring to distribute and possess with intent to distribute crack cocaine during the same period, 21 U.S.C.A. Sec. 846 (West Supp.1995), and to possessing a firearm on December 31, 1992, although he had previously been convicted of a felony. 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1995). Both Felton and Harris were sentenced to life imprisonment. Both appeal their sentences. They contend that the district court abused its discretion in denying them leave to withdraw their guilty pleas, and clearly erred in determining the amount of drugs attributable to them as relevant conduct. United States Sentencing Commission, Guidelines Manual, Secs. 1B1.3, 2D1.1 (Nov.1993). We affirm.
 
 
 2
 Based on evidence provided by co-conspirators, the probation officer recommended a finding that both Felton, the leader of the conspiracy, and Harris, his chief lieutenant, were responsible for the distribution of 18 kilograms of crack between April and December 1992. Principally, the evidence consisted of grand jury testimony by a co-defendant, Sharon Ricks, and an unindicted co-conspirator, Bobby Robertson, both of whom testified that they sold crack for Felton. Ricks testified that she distributed approximately half a kilogram of crack each week from April 1992 until her arrest in September 1992. Robertson testified that he distributed approximately half a kilogram of crack each week from September 1992 through December 1992. In an interview after his arrest in January 1993, Harris generally confirmed that Ricks distributed half a kilogram a week. The guideline range for each defendant was life in prison.[1] Both Felton and Harris objected to the probation officer's recommended estimate of the amount of drugs for which they were responsible. In their respective sentencing hearings, Felton and Harris each denied distributing any crack.[2]
 
 
 3
 Not long before sentencing, Harris filed a motion to withdraw his guilty plea. He alleged that his counsel had been ineffective in not informing him that his plea agreement precluded an appeal of his conviction, and in not moving to postpone the scheduled trial date as he had requested. The motion was denied. Felton made a similar oral motion to withdraw his plea at the beginning of his sentencing hearing. He alleged that his attorney had coerced him into pleading guilty and had failed to file unspecified motions. His motion was also denied.
 
 
 4
 A defendant who wishes to withdraw a guilty plea before sentencing must demonstrate a fair and just reason for doing so. Fed.R.Crim.P. 32(e); United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). Factors to be considered by the district court are: (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether he has credibly asserted his legal innocence; (3) whether there has been a delay between entering of the plea and the motion to withdraw; (4) whether he has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will waste judicial resources.
 
 
 5
 Felton and Harris argue that the district court did not seriously consider their claims of ineffective assistance. These assertions are not borne out by the record. The district court denied Harris' motion to withdraw in a two-page order which found that Harris had been advised at his Fed.R.Crim.P. 11 hearing that his plea agreement required him to forfeit the right to contest his conviction, and that a motion to postpone trial would have been futile because the court had denied such motions filed by other defendants, including Felton. The oral motion made by Felton contradicted his assertion at his Rule 11 hearing that he was pleading guilty voluntarily,[3] and otherwise failed to show ineffectiveness. None of the other Moore factors favor a withdrawal. Therefore, the district court did not abuse its discretion in denying either motion.
 
 
 6
 The government met its burden of proving the amount of drugs for which Felton and Harris were accountable by presenting evidence at the sentencing hearing. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993). While Appellants contend that the hearsay evidence introduced was inherently unreliable, it had more than the "minimal indicium of reliability beyond mere allegation" required for due process. United States v. Hicks, 948 F.2d 877, 883 (4th Cir.1991) (citations omitted). Consistent information from two co-conspirators was corroborated by information from Harris.
 
 
 7
 Although Appellants claim they were denied the right to confront the witnesses who supplied the information, this court and other circuit courts have held that the Sixth Amendment right of confrontation does not apply at sentencing. See, e.g., United States v. Petty, 982 F.2d 1365, 1367-69 (9th Cir.), amended, 992 F.2d 1015 (1993), cert. denied, 62 U.S.L.W. 3451 (U.S.1994); United States v. Johnson, 935 F.2d 47, 50 (4th Cir.), cert. denied, 502 U.S. 991 (1991).
 
 
 8
 Contrary to Appellants' assertion that the district court failed to use a conservative estimate, the court included only the drugs sold by Ricks and Robertson, and did not attempt to estimate what amounts sold by other conspirators could be attributed to them. Finally, the district court adequately complied with the requirement of Rule 32(c)(3)(D) by adopting the recommendations in the presentence report concerning drug amounts after hearing Felton and Harris testify. It is clear from the record that the court did not credit their testimony. Adoption of the presentence report's findings is an acceptable method of resolving a factual dispute when the factual basis for the ruling is clear. United States v. Walker, 29 F.3d 908, 911 (4th Cir.1994).
 
 
 9
 The sentences imposed by the district court are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Both Felton and Harris were in criminal history category V. Felton's offense level was 48. Harris' offense level was 44
 
 
 [2]
 Harris admitted buying drugs from Felton and said he gave one ounce of cocaine to Ricks and several ounces to Robertson; he insisted these were not distributions. Harris denied breaking into a house in January 1993, to rob and threaten four subordinates (including Robertson) who wished to cease working for Felton. This incident resulted in Harris' arrest
 
 
 [3]
 Felton claimed his plea was involuntary because he was not advised of the maximum penalty at his Rule 11 hearing. However, he had been advised that he was facing a life sentence when he was arraigned the day before. Before entering his guilty plea, he stated that he knew the maximum penalty. Any error on the part of the district court in not restating the maximum penalty in the Rule 11 proceeding was harmless because Felton had previously been informed that he was exposed to a possible life sentence. Fed.R.Crim.P. 11(h)