UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Francis JOHNSON,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricardo Bernard SMITH,
Defendant–Appellant.

Nos. 90–5034, 90–5035.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1991.

Decided June 5, 1991.

John Zwerling, Zwerling, Mark & Sutherland, P.C., Alexandria, Va., for defendant-appellant Smith.

William B. Moffitt, William B. Moffitt & Associates, argued (Lisa B. Kelmer, William B. Moffitt & Associates, on brief), Alexandria, Va., for defendant-appellant Johnson.

Robert Chesnut, Asst. U.S. Atty., argued (Henry E. Hudson, U.S. Atty., on brief), Alexandria, Va., for plaintiff-appellee.

Before HALL and WILKINS, Circuit Judges, and COPENHAVER, United States District Judge for the Southern District of West Virginia, sitting by designation.

WILKINS, Circuit Judge:

Ricardo Bernard Smith and Michael Francis Johnson appeal their convictions of possession of cocaine with intent to distribute, 21 U.S.C.A. § 841(a)(1) (West 1981), and resulting sentences. Appellants' primary assigned error is that an ex parte presentence conference between their probation officers and the district judge violated their sixth amendment rights to effective assistance of counsel and confrontation of witnesses. We affirm.

I.

A Drug Enforcement Administration "reverse sting" undercover operation culminated in a meeting of Smith, Johnson, an informant, and an undercover DEA agent at a Virginia hotel. Smith met the informant in the parking lot and stated that Johnson was his "back man." At Smith's direction, Johnson retrieved a bag containing money from Johnson's vehicle and handed the bag to Smith. While Johnson remained in the parking lot, Smith, the informant, and the undercover agent proceeded to a prearranged hotel room containing a hidden video recording device. After they counted the money totalling approximately $153,000, Smith stated that he would return to the parking lot and instruct Johnson to bring the cocaine to the hotel room. After Smith met briefly with Johnson in the parking lot, Johnson removed a bag containing fifteen kilograms of cocaine from the undercover agent's vehicle. Johnson and Smith were then apprehended.

The jury returned verdicts of guilty and the district court denied appellants' motion for judgment of acquittal. Prior to the sentencing hearing, the district judge met

in chambers with the two probation officers who had prepared appellants' presentence reports. During the sentencing hearing, questions by defense counsel attempting to elicit the substance of the probation officers' ex parte conversation with the court were not allowed. Defense counsel were allowed to examine the probation officers at length regarding alleged factual inaccuracies in their reports. The probation officers were also questioned about sources of information relied upon by them in reaching their preliminary determinations on various factors relevant to application of the sentencing guidelines. In response to questions regarding acceptance by the court of probation officer recommendations, one probation officer testified that the court did not always follow their sentencing recommendations, and that it was not uncommon for the court to disagree with the version of facts advanced by the government.

Appellants also contested the probation officers' recommendations regarding the applicable guidelines range. After an evidentiary hearing, and based upon its independent findings of fact, the court determined that the appropriate offense level was 32, rather than a higher level recommended by the probation officers. Neither appellants nor the government contest the judge's findings of fact or the correctness of the application of the guidelines.

## II.

■ Appellants claim that ex parte communications between the probation officers and the court denied them their sixth amendment right to effective assistance of counsel. Appellants correctly observe that a right to counsel applies during critical stages in the sentencing process, *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 256, 19 L.Ed.2d 336 (1967), and includes a right to effective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As the Supreme Court has emphasized, "an accused is entitled to counsel at any 'critical stage of the *prosecution.*'" *Id.* at 690, 104 S.Ct. at 2066 (quoting *Simmons v.*

*United States*, 390 U.S. 377, 382–83, 88 S.Ct. 967, 970–71, 19 L.Ed.2d 1247 (1968)). Sixth amendment guarantees provide assistance of counsel to an accused "'confronted with both the intricacies of the law and the advocacy of the public prosecutor.'" *United States v. Cronic*, 466 U.S. 648, 654, 104 S.Ct. 2039, 2044, 80 L.Ed.2d 657 (1984) (quoting *United States v. Ash*, 413 U.S. 300, 309, 93 S.Ct. 2568, 2573, 37 L.Ed.2d 619 (1973)). However, it does not necessarily follow that every step in the presentence phase is "critical" within the meaning of the sixth amendment.

Appellants concede that ex parte communications between a probation officer and the court were not violative of an accused's sixth amendment right to counsel under pre-guidelines case law. Prior to the implementation of sentencing guidelines, such ex parte presentence communications were a commonplace and accepted practice uniformly upheld against various constitutional challenges. *See, e.g., United States v. Story*, 716 F.2d 1088 (6th Cir.1983); *United States v. Davis*, 527 F.2d 1110 (9th Cir. 1975), *cert. denied*, 425 U.S. 953, 96 S.Ct. 1729, 48 L.Ed.2d 196 (1976). Probation officers were regarded as an extension of the court who provided the sentencing judge with a wide range of information about the defendant and the offense. Ex parte communications were permitted because a probation officer acted "as an arm of the court" in preparing presentence reports. *United States v. Gonzales*, 765 F.2d 1393, 1398 (9th Cir.1985), *cert. denied*, 474 U.S. 1068, 106 S.Ct. 826, 88 L.Ed.2d 798 (1986).

■ Appellants claim that today a probation officer acts as a fact-finder and potential advocate when a probation officer's recommendation regarding guidelines application differs from that of the prosecution or defense counsel. Although the advent of guidelines sentencing has changed the role of a probation officer, this change does not carry the constitutional significance urged by appellants. Throughout the process of interviewing a defendant, preparing a presentence report, and discussing the report during a presentence conference with the court, a probation offi-

cer continues to be a neutral, information-gathering agent of the court, not an agent of the prosecution. *See United States v. Jackson*, 886 F.2d 838, 844 (7th Cir.1989).

■ The sixth amendment right to counsel guarantees the assistance of counsel to a defendant confronted by "prosecutorial forces;" constitutional protections need not be invoked in the absence of adversarial proceedings. *See Moran v. Burbine*, 475 U.S. 412, 430, 106 S.Ct. 1135, 1145, 89 L.Ed.2d 410 (1986) (quoting *Maine v. Moulton*, 474 U.S. 159, 170, 106 S.Ct. 477, 484, 88 L.Ed.2d 481 (1985)); *see also Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972) (a sixth amendment critical stage is adversarial in nature). For example, several circuits have held that a presentence interview is not a critical stage because a probation officer does not have an adversarial role during a presentence interview with a defendant. *See, e.g., United States v. Woods*, 907 F.2d 1540, 1543 (5th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 792, 112 L.Ed.2d 854 (1991); *Jackson*, 886 F.2d at 844–45 (7th Cir.1989). *But see United States v. Herrera–Figueroa*, 918 F.2d 1430, 1433 (9th Cir.1990). In declining to find that a right to counsel attaches during a presentence interview, courts have reasoned that a probation officer is an agent of the court and assists the court in arriving at a just sentence. *Brown v. Butler*, 811 F.2d 938, 941 (5th Cir.1987).

■ We find this reasoning, persuasive in the case of a presentence interview, compelling when applied to appellants' claim of a right to counsel during an ex parte presentence conference. During these nonadversarial communications, the court confers with its own agent in the absence of the defendant or any representative of the prosecution. We hold that an ex parte presentence conference between a court and a probation officer is not a critical stage of the sentencing proceedings.

### III.

■ Appellants also claim a violation of their sixth amendment right to confrontation because the district court refused to allow cross-examination of the probation officers regarding the substance of communications not disclosed in the presentence report. Appellants do not argue that ex parte communications between a court and probation officer have always been constitutionally suspect on confrontation clause grounds. Rather, they argue that ex parte conferences have become problematic in the era of sentencing guidelines. We disagree. When a probation officer imparts information to a sentencing court as its neutral agent, the interests underlying the confrontation clause are not implicated. *See United States v. Beaulieu*, 893 F.2d 1177, 1180 (10th Cir.) (defendant "does not have an absolute right to confront witnesses whose information is made available to the [sentencing] court"), *cert. denied*, — U.S. ——, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990); *United States v. Kikumura*, 918 F.2d 1084, 1102–03 & n. 19 (3d Cir.1990) (court reluctant to impose confrontation clause jurisprudence upon sentencing process).

■ Guidelines sentencing has formalized the sentencing process by requiring the sentencing judge to make specific findings of fact and articulate reasons for a particular sentence in open court. *See U.S. S.G.* § 6A1.3, comment. (Nov.1990); *see also United States v. Belgard*, 894 F.2d 1092, 1099 (9th Cir.1990) (result of guidelines sentencing is that "defendants may have actually acquired more due process than they had before."). While courts are entitled to consider without limitation any "information concerning the background, character, and conduct of a person convicted of an offense," 18 U.S.C.A. § 3661 (West 1985), sentencing guidelines mandate that a sentence be based upon objective factors supported by reliable evidence. U.S.S.G. § 6A1.3, comment. These factors include, among others, aspects of a defendant's underlying offense conduct, role in the offense, criminal history, and acceptance of responsibility. *See generally U.S. S.G.* § 1B1.1. In conjunction with Federal Rule of Criminal Procedure 32(c)(3)(D), the guidelines further require that if a defendant alleges any factual inaccuracy in the

presentence report, the court shall make factual findings regarding the disputed issue or determine that no factual finding is necessary because the contested information will not affect the sentence. *See* U.S. S.G. § 6A1.3, p.s.; *see also United States v. Walker*, 901 F.2d 21 (4th Cir.1990). In comparison to the former sentencing regime, guidelines sentencing significantly diminishes the conceivable impact of ex parte communications from a probation officer to a sentencing court.

■ In addition, Federal Rule of Criminal Procedure 32 recognizes several circumstances under which a probation officer may communicate ex parte with the sentencing court through the presentence report without disclosure of the substance of these communications. Subsection 32(c)(3)(A) does provide that the defendant shall be given access to the presentence report and "an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it," but Rule 32 does not require that the court disclose all information contained in the presentence report. For example, a probation officer's final sentence recommendation, diagnostic opinions, and confidential or sensitive information need not be disclosed. Fed.R.Crim.P. 32(c)(3)(A); *see United States v. Houston*, 745 F.2d 333 (5th Cir.1984), *cert. denied*, 470 U.S. 1008, 105 S.Ct. 1369, 84 L.Ed.2d 388 (1985). Subsection 32(c)(3)(B) provides that in lieu of disclosing parts of the presentence report containing this information, the court "shall state ... a summary of the factual information contained therein to be relied on in determining sentence."

■ Implicit in appellants' argument is the possibility that a probation officer, although acting as an agent of the court, may convey to the court information unfavorable to a defendant. The function of a probation officer is to provide the sentencing judge with as much information as possible to enable the court to make a just and informed sentencing decision. We will not presume that a probation officer will act improperly. Further, we rely upon the integrity of district court judges and trust their ability to disregard any attempt to impermissibly influence a sentencing decision. *Belgard*, 894 F.2d at 1099. The resolution of disputed sentencing issues, and indeed, the determination of an appropriate sentence in all respects, remains the exclusive province of the trial judge who exercises independent and impartial judgment in arriving at final sentence determinations. *United States v. Sanchez*, 908 F.2d 1443, 1446 (9th Cir.1990); *see United States v. White*, 875 F.2d 427, 434 (4th Cir.1989) (probation officer's characterization of defendant's role in offense not binding upon district court).

The only case cited by appellants in support of their sixth amendment arguments, *United States v. Spudic*, 795 F.2d 1334 (7th Cir.1986), is distinguishable on the facts and provides scant authority for their position. In *Spudic*, the district court participated in an ex parte conference with a sentencing council composed of seven probation officers, including probation officers who did not prepare the presentence report. The Seventh Circuit found that this use of a sentencing council was improper because a sentencing judge might in some way be influenced by a council consensus or might rely upon information from a probation officer who did not prepare the presentence report. 795 F.2d at 1343. The court expressly stated, however, that an ex parte conference with the particular probation officer responsible for preparing the presentence report was not challenged, and noted that other courts have considered and approved this procedure. *Id.* Importantly, *Spudic* involved a pre-guidelines sentencing determination.

■ Although appellants claim that ex parte communications undermine the openness that guidelines sentencing is intended to promote, we find that this standard practice, upheld by the courts prior to the guidelines, is considerably less vulnerable to attack under the more formal procedures attendant to guidelines sentencing. The guidelines and accompanying policy statements, coupled with Rule 32, mandate an open, on-the-record, reason supported

determination of the principal components of a guidelines sentence, including the determination of the applicable guidelines range and any departure from that range. The enhanced openness and formality of guidelines sentencing cannot be said to cast a shadow of unconstitutionality on ex parte communications between a court and probation officer. We can find no reason why guidelines sentencing should change the effect of prior decisions turning aside constitutional challenges to these presentence conferences.

### IV.

Appellants also claim that the court erred in denying their motion for judgment of acquittal and in rejecting their proposed jury instructions. These remaining issues are without merit.

AFFIRMED.