944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Evrold Lee DOBSON, Defendant-Appellant.
 No. 90-5387.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 13, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Robert R. Merhige, Jr., Senior District Judge. (CR-89-204)
 Roger Allan Inger, Warrenton, Va., for appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Evrold Lee Dobson pled guilty to one count of distribution of crack cocaine within 1,000 feet of a school (21 U.S.C. §§ 841 and 845a(a)). He appeals the sentence he received on the grounds that the district court erred in determining the total amount of drugs involved in his offense, and that its reliance on grand jury testimony provided to the probation officer by the government violated his right of confrontation. We affirm.
 
 
 2
 The amounts of drugs used to compute a base offense level need only be shown by a preponderance of the evidence. United States v. Powell, 886 F.2d 81 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3527 (1990). In calculating Dobson's base offense level, the probation officer used drug amounts from ten dismissed charges, including both known drug amounts from controlled buys made by an informant and estimates of amounts sold by Dobson to his regular customers. The estimates were made from information provided by six of Dobson's customers who testified before the grand jury about how often they bought from him and the price they generally paid. Transcripts of their grand jury testimony and information collected by the government on illicit drug prices in the area during the relevant period were reviewed by the district court before it accepted the base offense level recommended by the probation officer. Dobson asserts that this evidence was speculative only, and that the government did not prove the estimated amounts by a preponderance of the evidence. We think the evidence was sufficient to satisfy the standard of proof.
 
 
 3
 Dobson's claim that he was denied his right of confrontation because he was unable to cross-examine the witnesses who testified before the grand jury is baseless. At the sentencing hearing, the district court may consider any information, including hearsay, which it finds reliable. United States v. Bowman, 926 F.2d 380 (4th Cir.1991). See also United States v. Beaulieu, 893 F.2d 1177, 1180 (10th Cir.) (defendant "does not have an absolute right to confront witnesses whose information is made available to the [sentencing] court"), cert. denied, 58 U.S.L.W. 3834 (U.S.1990); United States v. Kikumura, 918 F.2d 1084, 1102-03 & n. 19 (3d Cir.1990) (court reluctant to impose confrontation clause jurisprudence on sentencing process), quoted in United States v. Johnson, 935 F.2d 47 (4th Cir.1991). The defendant has the burden of showing that disputed information in the presentence report is inaccurate. United States v. Terry, 916 F.2d 157 (4th Cir.1990). Although Dobson's attorney complains that it was impossible to disprove the evidence in the presentence report without cross-examining the grand jury witnesses, this argument overlooks the facts that Dobson himself could have testified about his drug sales. Dobson presented no evidence as to what amounts he actually sold which might have discredited the evidence presented by the government.
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.