43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Manuel Hernandez LASTRA, Defendant-Appellant.
 No. 94-5116.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 17, 1994.
Decided Dec. 13, 1994.
 
 Roger B. Rice, Naples, FL, for Appellant. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Manuel Hernandez Lastra pled guilty to one count of conspiracy to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and one count of criminal forfeiture, 21 U.S.C.A. Sec. 853 (West Supp.1994). He appeals his 180-month sentence, claiming that the district court clearly erred when it enhanced his sentence for possession of a weapon under guideline section 2D1.1(b)(1).* We affirm.
 
 
 2
 The conspiracy lasted from 1985 to 1990 and involved over twenty conspirators. From his home in Naples, Florida, Lastra supplied cocaine to various distributors including Paul Harrison, who was based in Front Royal, Virginia. At the sentencing hearing, an agent of the Drug Enforcement Administration testified concerning a statement made by David Lollis, a cooperating witness who would have testified had Lastra gone to trial. Lollis stated in an interview that sometime between 1987 and 1989 he was paid $12,000 to accompany Lastra from Florida to Dearborn, Michigan, where Lastra sold nineteen ounces of cocaine for $38,000. Lollis stated that Lastra carried a handgun during the trip. Lastra testified at sentencing that he did not know David Lollis and had never been to Dearborn, Michigan. The district court decided that Lollis' detailed statement was more credible than Lastra's flat denial, and made the two-level enhancement called for under guideline section 2D1.1(b)(1).
 
 
 3
 Whether the defendant possessed a firearm is a factual question reviewed for clear error. United States v. Apple, 915 F.2d 899, 914 (4th Cir.1990) (Apple I ). Lastra argues that Lollis' statement was unreliable, and thus an insufficient basis for the court's finding, because the presentence report stated that Lollis "recanted a number of drug deals where Lastra sold multiple ounces of cocaine," and because there was no opportunity to cross-examine Lollis.
 
 
 4
 Reliable hearsay evidence may be considered by the sentencing court in deciding disputed issues if the defendant has the opportunity to challenge it; however, the defendant does not have the right to confront all witnesses who provide information to the sentencing court. See, e.g., United States v. Petty, 982 F.2d 1365, 1367-69, amended, 992 F.2d 1015 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3444 (U.S.1994); United States v. Johnson, 935 F.2d 47, 50 (4th Cir.), cert. denied, 60 U.S.L.W. 3404 (U.S.1991).
 
 
 5
 Lastra had the burden of showing that the information in the presentence report to which he objected was inaccurate, United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990), and he attempted to meet this burden through his own testimony. The district court's decision that Lollis' statement was sufficiently reliable to be considered, and more credible that Lastra's denial, was not clearly erroneous.
 
 
 6
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)