79 F.3d 1142
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Gale DUGGER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Edward DUGGER, Defendant-Appellant.
 Nos. 94-6071, 94-6095.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1995.
Decided: March 19, 1996.
 
 ARGUED: Gail Starling Marshall, Rapidan, Virginia, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. ON BRIEF: Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 Before HALL and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Randy Gale Dugger and Michael Edward Dugger appeal decisions of the district court denying their motions for modification of their sentences, see 18 U.S.C.A. § 3582(c)(2) (West Supp.1995). Appellants argue that Amendment 488 to the Sentencing Guidelines,* which established a uniform weight per dosage of lysergic acid diethylamide (LSD) on a carrier medium for purposes of determining a defendant's base offense level, applies to determinations of LSD quantity for purposes of applying the statutory minimum penalties of 21 U.S.C.A. § 841(b) (West Supp.1995).
 
 
 2
 The Supreme Court rejected Appellants' position in Neal v. United States, 64 U.S.L.W. 4077 (U.S. Jan. 22, 1996), holding that the adoption of Amendment 488 by the Sentencing Commission does not alter the manner in which the quantity of LSD on a carrier medium is calculated for purposes of applying a statutory minimum sentence. See Chapman v. United States, 500 U.S. 453, 461-62 (1991) (holding that quantity of LSD on a carrier medium is determined, for purposes of applying statutory penalties, by calculating the weight of the LSD and its carrier medium). Based on Neal, we affirm the district court's
 
 
 3
 determination that the adoption of Amendment 488 does not override the method used for determining the quantity of LSD on a carrier medium for purposes of applying the statutory minimum penalties.
 
 
 4
 Both Appellants received guideline sentences in excess the applicable statutory minimum. The Government concedes that the district court had discretion to apply Amendment 488 retroactively, see United States v. Turner, 59 F.3d 481, 483 (4th Cir.1995), and that retroactive application of Amendment 488 would reduce both Appellants' guideline ranges to levels substantially below the applicable statutory minimum, thereby making the statutory minimum sentence the guideline sentence, see U.S.S.G. § 5G1.1(b). In short, the district court had discretion to reduce Appellants' guideline ranges, perhaps to the extent that the statutory minimum sentence would become the guideline sentence, see V.S.S.G. § 5G1.1(b). The district court's opinions denying Appellants' motions for sentence modification do not make clear, however, whether the district court was aware that it could reduce Appellants' sentences by applying Amendment 488 retroactively and chose not to do so, or was not aware that retroactive application of Amendment 488 would affect Appellants' sentences. Accordingly, we remand for the district court to articulate the reasons underlying its decision. See United States v. Johnson, 935 F.2d 47, 50 (4th Cir.) (noting that district court must articulate reasons for sentencing decisions), cert. denied, 502 U.S. 991 (1991).
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)