Filed:  June 25, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Nos. 94-6071(L)
(CR-91-128-WS)

United States of America,

Plaintiff - Appellee,

versus

Randy Gale Dugger, et al,

Defendants - Appellants.

O R D E R

The Court amends its opinion filed March 19, 1996, as follows:

On page 3, first full paragraph, lines 1-2 -- the words "120 months" and the comma following the word "months" are deleted.

On page 3, first full paragraph, line 8 -- the third sentence is modified to read:

> In short, the district court had discretion to reduce Appellants' guideline ranges, perhaps to the extent that the statutory minimum sentence would become the guideline sentence, see U.S.S.G. § 5G1.1(b).

For the Court - By Direction

/s/ Bert M. Montague

Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 94-6071

RANDY GALE DUGGER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 94-6095

MICHAEL EDWARD DUGGER,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Richard C. Erwin, Senior District Judge.
(CR-91-128-WS)

Argued: October 31, 1995

Decided: March 19, 1996

Amended opinion filed: June 25, 1996

Before HALL and WILLIAMS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed in part and remanded in part by unpublished per curiam
opinion.

**COUNSEL**

**ARGUED:** Gail Starling Marshall, Rapidan, Virginia, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randy Gale Dugger and Michael Edward Dugger appeal decisions of the district court denying their motions for modification of their sentences, see 18 U.S.C.A. § 3582(c)(2) (West Supp. 1995). Appellants argue that Amendment 488 to the Sentencing Guidelines,* which established a uniform weight per dosage of lysergic acid diethylamide (LSD) on a carrier medium for purposes of determining a defendant's base offense level, applies to determinations of LSD quantity for purposes of applying the statutory minimum penalties of 21 U.S.C.A. § 841(b) (West Supp. 1995).

The Supreme Court rejected Appellants' position in Neal v. United States, 64 U.S.L.W. 4077 (U.S. Jan. 22, 1996), holding that the adoption of Amendment 488 by the Sentencing Commission does not alter the manner in which the quantity of LSD on a carrier medium is calculated for purposes of applying a statutory minimum sentence. See Chapman v. United States, 500 U.S. 453, 461-62 (1991) (holding that quantity of LSD on a carrier medium is determined, for purposes of applying statutory penalties, by calculating the weight of the LSD and its carrier medium). Based on Neal, we affirm the district court's

_____

* United States Sentencing Commission, Guidelines Manual (Nov. 1993).

2

determination that the adoption of Amendment 488 does not override the method used for determining the quantity of LSD on a carrier medium for purposes of applying the statutory minimum penalties.

Both Appellants received guideline sentences in excess of the applicable statutory minimum. The Government concedes that the district court had discretion to apply Amendment 488 retroactively, see United States v. Turner, 59 F.3d 481, 483 (4th Cir. 1995), and that retroactive application of Amendment 488 would reduce both Appellants' guideline ranges to levels substantially below the applicable statutory minimum, thereby making the statutory minimum sentence the guideline sentence, see U.S.S.G. § 5G1.1(b). In short, the district court had discretion to reduce Appellants' guideline ranges, perhaps to the extent that the statutory minimum sentence would become the guideline sentence, see U.S.S.G. § 5G1.1(b). The district court's opinions denying Appellants' motions for sentence modification do not make clear, however, whether the district court was aware that it could reduce Appellants' sentences by applying Amendment 488 retroactively and chose not to do so, or was not aware that retroactive application of Amendment 488 would affect Appellants' sentences. Accordingly, we remand for the district court to articulate the reasons underlying its decision. See United States v. Johnson, 935 F.2d 47, 50 (4th Cir.) (noting that district court must articulate reasons for sentencing decisions), cert. denied, 502 U.S. 991 (1991).

AFFIRMED IN PART; REMANDED IN PART

3