UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                       No. 99-4131

JERMONZA LEVON SPENCER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James C. Turk, District Judge.
(CR-97-82)

Submitted: September 28, 1999

Decided: November 22, 1999

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Deborah C. Wyatt, WYATT & CARTER, Charlottesville, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Bruce A.
Pagel, Assistant United States Attorney, Charlottesville, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jermonza Levon Spencer appeals his conviction and sentence for conspiring to distribute and distributing cocaine base in violation of 21 U.S.C.A. §§ 841, 846 (West 1994 & Supp. 1999). Because our review of the briefs and joint appendix discloses no reversible error, we affirm.

Spencer argues first that the district court erred by allowing into evidence a redacted summary of a confession made by Spencer's non-testifying co-defendant. Spencer did not object to the use of the redacted confession. Furthermore, Spencer's pre-trial motion to suppress makes no mention of the issue of which he now complains. Matters raised for the first time on appeal will generally not be considered absent circumstances indicative of plain error. See United States v. Olano, 507 U.S. 725, 731 (1993). Because those portions of the appendix used at trial were redacted and were connected to Spencer only through the use of evidence introduced later in trial, we find no plain error. See Richardson v. Marsh, 481 U.S. 200, 208, 211 (1987). Accordingly, this claim warrants no relief.

Spencer next argues that the district court's adoption of the pre-sentence report was clearly erroneous and denied him his Sixth Amendment right to confrontation. The testimony at trial and the pre-sentence report support the district court's computation of relevant conduct and the sentence imposed. Furthermore, we have previously held that the Confrontation Clause does not apply to the probation officer's interviews conducted for the purpose of preparing the pre-sentence report. See United States v. Johnson , 935 F.2d 47, 50-51 (4th Cir. 1991).

Finally, Spencer claims that the Government violated the tenets of 18 U.S.C. § 201(c)(2) (1994), by offering leniency to cooperating witnesses in exchange for their truthful testimony. Although a widely discussed panel decision of the Tenth Circuit supported this proposition, that opinion has since been overruled. See United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), rev'd, 165 F.3d 1297 (10th Cir. 1999) (en banc). Furthermore, we recently rejected an identical

2

challenge. <u>United States v. Richardson</u>, ___ F.3d ___, 1999 WL 686892 (4th Cir. Sept. 3, 1999) (No. 98-4139).

Accordingly, we affirm Spencer's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3