# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KENNETH TYRONE McCALL, a/k/a
Keyboard,

*Defendant-Appellant.*

No. 01-4096

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-00-295)

Submitted: July 31, 2001

Decided: August 20, 2001

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kenneth Tyrone McCall was convicted pursuant to his guilty plea of escape from a federal correctional institution. McCall's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nevertheless, in his brief, counsel addressed the possibility that the district court failed to comply with the dictates of Fed. R. Crim. P. 11 and that the court may have improperly arrived at McCall's sentence. McCall filed a supplemental pro se brief essentially repeating counsel's sentencing argument.[1] Finding no error, we affirm.

The basic facts of this case are undisputed. McCall was incarcerated at a federal prison camp in South Carolina. He left the facility to retrieve a package his sister left for him in a wooded area outside the prison. Law enforcement personnel were aware of the package and had it under surveillance.[2] When McCall saw the officers, he ran into the woods. He was arrested the following day by local police officers in Savannah, Georgia.

On appeal, counsel identifies no specific errors in the district court's Rule 11 hearing, and our review of the record reveals none. The court conducted a thorough hearing, ensuring that McCall understood the rights he would forego by pleading guilty, the elements of

---

[1]Although not expressly doing so, McCall appears to suggest in his pro se brief that trial counsel may have rendered ineffective assistance. We review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness conclusively appears on the record, and we find none here. *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995).

[2]According to the record, the package contained various items that were considered contraband under prison regulations, but nothing illegal.

the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, and the impact of the Sentencing Guidelines. The court further ascertained that McCall's plea was voluntary and that a factual basis existed for his plea. *See* Fed. R. Crim. P. 11; *United States v. DeFusco*, 949 F.2d 114, 116-17 (4th Cir. 1991). We thus find that McCall's substantial rights were adequately protected by the district court's proceedings. *See DeFusco*, 949 F.2d at 117.

Counsel identifies two potential errors in McCall's sentence. First, McCall argued at sentencing that he was entitled to a downward adjustment in his base offense level because he was allegedly trying to turn himself in to the United States Marshal's Office in Savannah when he was arrested approximately one block from their office.[3] The district court heard McCall's testimony and counsel's argument on this issue and found McCall's explanation to be incredible. We find no error in this determination.

Second, McCall alleges that the district court engaged in improper ex parte communications with the probation officer when the court observed that McCall gave a false name to police when he was arrested. It is well-established, however, that ex parte communication between the court and the probation officer is allowed. *United States v. Johnson*, 935 F.2d 47, 49-50 (4th Cir. 1991).

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm McCall's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[3]*See U.S. Sentencing Guidelines Manual* § 2P1.1(b)(2) (2000).