UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

VERN ODELL CRAWFORD,
  *Defendant-Appellant.*

No. 02-4789

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Jackson L. Kiser, Senior District Judge.
(CR-95-108)

Submitted: March 3, 2003

Decided: March 17, 2003

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael T. Hemenway, Charlottesville, Virginia, for Appellant. John
L. Brownlee, United States Attorney, Thomas Linn Eckert, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Vern Odell Crawford appeals the district court's order revoking his supervised release. Crawford was convicted on one count of obstructing justice and two counts of wilfully failing to file tax returns. Crawford was sentenced to fifty-one months incarceration and three years of supervised release. Crawford's release entailed two conditions relevant on appeal: Crawford was to provide his Probation Officer with "access to any requested financial information" and Crawford was to pay a $100,000 fine, and $5,934.65 in prosecution costs. The district court entered an order revoking Crawford's release based on his failure to comply with these terms.

First, Crawford argues the district court erred in revoking his supervised release; specifically, Crawford argues that he failed to make payments towards his fine and prosecution costs because he lacked the funds to make any payments, and that he never failed to disclose financial information to his Probation Officer because he never had financial information to disclose. This Court reviews a district court's revocation of an individual's supervised release for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). Crawford's claim is meritless. The Government established Crawford failed to comply with the disclosure and payment terms of his supervised release. 18 U.S.C. § 3603 (2000); *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996).

Second, Crawford alleges his Probation Officer and the district court conducted an ex parte meeting to discuss his case, in violation of his constitutional rights. Crawford cannot prevail on this claim absent a showing of plain error. *See United States v. Promise*, 255 F.3d 150, 154 (4th Cir. 2001). The record does not demonstrate an ex parte meeting occurred, and Crawford cannot establish an ex parte meeting would violate his constitutional rights, in any event. *United States v. Washington*, 146 F.3d 219, 223 (4th Cir. 1998); *United States v. Johnson*, 935 F.2d 47, 49-50 (4th Cir. 1991).

Accordingly, we affirm the district court's order revoking Crawford's supervised release. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*