UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　*Plaintiff-Appellee,*

v.

No. 02-4780

TERRY MAXEY,

　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, Chief District Judge.
(CR-99-95)

Submitted: April 15, 2003

Decided: May 16, 2003

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Michael H. Spencer, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Terry Maxey appeals the district court's imposition of a twenty-four month term of imprisonment upon revocation of his supervised release. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two issues but representing that, in his view, there are no meritorious issues for appeal. Maxey has been notified of his right to file a pro se supplemental brief but has not done so. Finding that the issues raised by counsel are without merit and discerning no other error in the record, we affirm.

Maxey first claims that the district court erred in not sentencing Maxey within the range set out in the *U.S. Sentencing Guidelines Manual* Chapter 7 policy statements because the Violent Crime Control & Law Enforcement Act of 1994, No. 103-322, 108 Stat. 1796 (Sept. 13, 1994), made the Chapter 7 policy statements binding on sentencing courts. Because Maxey did not object to the court's imposition of the maximum sentence, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732-37 (1993). We have previously held that the Chapter 7 policy statements are not binding. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). Although we addressed the pre-amendment policy statements in *Davis*, we noted that, after enactment of the amendments, "the district courts are required merely to 'consider' the Chapter 7 policy statements," and that "Chapter 7 policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *Davis*, 53 F.3d at 639 n.1, 642. Therefore, the district court did not plainly err in sentencing Maxey outside the Chapter 7 sentencing range.

Maxey next claims the district court erred in holding an ex parte communication with the probation officer during the sentencing hearing. Maxey did not object during the hearing, and thus our review is

for plain error. The probation officer is "a neutral, information-gathering agent of the court, not an agent of the prosecution." *United States v. Johnson*, 935 F.2d 47, 50 (4th Cir. 1991) (describing these communications as "nonadversarial"). Accordingly, the district court did not plainly err in its ex parte communication with the probation officer.

Pursuant to *Anders*, we have reviewed the record for reversible error and found none. We therefore affirm the sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*