**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                      No. 03-4426

ERIC MARIO BYERS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca Beach Smith, District Judge.
(CR-02-77)

Submitted: May 7, 2004

Decided: June 3, 2004

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Marc Seguinot, LAW OFFICE OF MARC SEGUINOT, McLean, Virginia, for Appellant. Paul Joseph McNulty, United States Attorney, Alexandria, Virginia; James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Eric Mario Byers appeals his convictions and sentence following a jury trial for various drug crimes, in violation of 21 U.S.C. § 841 (2000) and 21 U.S.C. § 846 (2000), as well as possession of an unregistered machine gun, in violation of 26 U.S.C. § 5841 (2000), 26 U.S.C. § 5845 (2000), 26 U.S.C. § 5861 (2000), and 26 U.S.C. § 5871 (2000). Byers's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states there are no meritorious issues for appeal, he challenges the district court's failure to dispose of various pretrial motions, as well as ineffective assistance of trial counsel. The Government elected not to file a responding brief, but Byers filed a pro se supplemental brief, in which he elaborates on the arguments raised in counsel's brief and raises some additional arguments for the first time on appeal. In accordance with *Anders*, we have considered the briefs and examined the entire record for meritorious issues. Finding no error, we affirm.

Byers first argues the district court erred by failing to dispose of various pretrial motions. Because Byers raises this argument for the first time on appeal, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Byers must show (1) that an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *Id.* at 732. Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We find that, based on the Government's responses to Byers's motions, including that it either had complied with its obligations or intended to do so, coupled with the absence of any averment that the Government failed to uphold its obligations, there were no contested issues of law or material fact for the district court to resolve. Accord-

ingly, the district court did not plainly err by declining to dispose of Byers's pretrial motions.

Byers next argues his trial counsel rendered ineffective assistance based on the following grounds: (1) violation of the Speedy Trial Act, 18 U.S.C. § 3161 (2000); (2) violation of the Double Jeopardy Clause; and (3) denial of the right to compulsory process. Claims of ineffective assistance generally are not cognizable on direct appeal, but should be asserted on collateral review. Only if such ineffective assistance is conclusively established on the face of the record should such claims be entertained on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Because ineffective assistance is not conclusively shown on the face of the record, Byers's claim should be asserted on collateral review.

Byers further argues the district court erred by using "double-counting" in determining his offense level. Because this issue is raised for the first time on appeal, our review is for plain error. *See Olano*, 507 U.S. at 731-32. It is well-settled that double counting is permissible under the federal sentencing guidelines except where it is expressly prohibited. *United States v. Crawford*, 18 F.3d 1173, 1179 (4th Cir. 1994). Thus, the same conduct may be considered under more than one guideline unless the guidelines specifically forbid it. *Id.* The district court was allowed to consider Byers's conduct under each of the guidelines applied here. Thus, we find Byers fails to establish the district court committed plain error.

Byers next argues the district court erred by adding two points to his criminal history score for a prior twelve-month sentence, all of which but sixty days was suspended, for assault and battery imposed by the Virginia Beach Circuit Court on June 14, 1999. Because Byers raises this argument for the first time on appeal, our review is for plain error. *See Olano*, 507 U.S. at 731-32. Pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.1(b), "[a]dd **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a)." Section (a) allows for the addition of three points for each prior sentence of imprisonment exceeding one year and one month. Moreover, USSG §4A1.2(e) provides that under circumstances as here, where the prior sentence did not exceed one year and one month, the sentence is counted as long as it was imposed "within ten years of the

defendant's commencement of the instant offense." According to Application Note 1 in the Commentary to USSG § 4A1.2:

> "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. . . . A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. . . .

According to the presentence report ("PSR"), Byers's instant offense commenced in April 1994. Although Byers's sentence for the assault and battery was imposed after the commencement of the instant offense, it is nonetheless a "prior sentence" because it was for conduct unrelated to the instant offense and was imposed prior to the May 13, 2003 sentencing for the instant offense. Moreover, this prior sixty-day sentence was imposed within ten years of the commencement of the instant offense. Thus, we conclude the district court did not plainly err by adding two points for this prior sentence in determining Byers's criminal history category.

Finally, Byers argues the PSR was tainted due to a violation of his right to counsel. Again, because Byers raises this argument for the first time on appeal, our review is for plain error. *Olano*, 507 U.S. at 731-32. Byers contends he was interviewed by a federal probation officer without his counsel present. He alleges when he inquired of the whereabouts of counsel, he was informed counsel had contacted the probation officer by fax stating to proceed without him. While the Sixth Amendment right to counsel guarantees the assistance of counsel to a defendant confronted by "prosecutorial forces," constitutional protections need not be invoked in the absence of adversarial proceedings. *United States v. Johnson*, 935 F.2d 47, 50 (4th Cir. 1991) (citing *Moran v. Burbine*, 475 U.S. 412, 430 (1986)) (quoting *Maine v. Moulton*, 474 U.S. 159, 170 (1985)). Throughout the process of interviewing a defendant, preparing a presentence report, and discussing the report during a presentence conference with the court, a probation officer is a neutral, information-gathering agent of the court, not an agent of the prosecution. *Johnson* at 49-50 (citing *United States v. Jackson*, 886 F.2d 838, 844 (7th Cir. 1989)). Thus, because a proba-

tion officer is not an agent of the prosecution, we find Byers had no Sixth Amendment right to counsel during the presentence interview. Accordingly, we find Byers fails to show the district court committed plain error in this respect.

In accordance with *Anders*, we have reviewed the entire record in this case, including the sentencing transcripts, and have found no meritorious issues for appeal. We therefore affirm Byers's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on Byers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*