**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 03-4657**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELLIOT J. WINSLOW, a/k/a Little Black, a/k/a
Elliot W. Campbell,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville. James H. Michael, Jr.,
Senior District Judge. (CR-94-35)

―――――――――

Submitted: February 13, 2004          Decided: July 26, 2004

―――――――――

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY,
Charlottesville, Virginia, for Appellant. John L. Brownlee, United
States Attorney, Nancy S. Healey, Assistant United States Attorney,
Charlottesville, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Elliott J. Winslow appeals from the district court's order revoking his supervised release and imposing an eighteen-month sentence of imprisonment. Winslow contends that there was insufficient evidence to support the revocation, that the district court abused its discretion in sentencing him above the recommendation of the Sentencing Guidelines, and that the district court's ex parte meeting with the probation officer violated his constitutional rights. We affirm.

We review the district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (West 2000 & Supp. 2003). Here, the district court's findings that Winslow violated the terms of his supervised release by submitting false reports and moving without prior permission are supported fully by the record.

While Winslow attempts to downplay the untruths in his reports to his probation officer by terming them "mistakes," even his excuses do not fully explain the multiple errors. In any event, the district court apparently weighed the contradictory testimony and decided to credit the probation officer's version. It is not the province of this court to second-guess the

credibility determinations of the factfinder.  United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Winslow next argues that his sentence exceeded the guideline range prescribed for his violations and that the court failed to provide an explanation for the sentence imposed.  We review a district court's order imposing a sentence after revocation of supervised release for abuse of discretion.  United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995).  Pursuant to § 3583(e)(3), Winslow faced a maximum sentence of five years for the violations.

Chapter Seven of the Sentencing Guidelines sets forth policy statements offering recommended sentencing ranges for revocation of supervised release.  Chapter Seven is advisory and non-binding.  Davis, 53 F.3d at 642.  While the sentencing court should consider the policy statements before imposing sentence, a "court need not engage in ritualistic incantation in order to establish its consideration" of the policy statements.  Id.  In this case, the district court gave prior notice that it was considering a sentence above the guidelines range, explicitly demonstrating that it was familiar with the range and the relevant policy statements.  We therefore find that the imposition of sentence did not constitute an abuse of discretion.

Finally, Winslow argues that an ex parte meeting between the probation officer and the district court prior to the

revocation hearing violated his rights to counsel, to confront witnesses, and to due process. The record does not reflect that such a meeting occurred, but the Government assumes for the sake of argument that one took place.

Because Winslow did not object below, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732-35 (1993). A probation officer is "a neutral, information-gathering agent of the court, not an agent of the prosecution." United States v. Johnson, 935 F.2d 47, 50 (4th Cir. 1991) (approving pre-sentence, ex parte meetings and describing these communications as "nonadversarial"). The probation officer's activities here were akin to preparing a presentence report and discussing the report with the court prior to initial sentencing, a practice we approved in Johnson. In any event, because Winslow is unable to show any bias or prejudice resulting from the communication, he cannot show plain error.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -