**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4486**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS PITTARELLI,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:04-cr-00039-001)

Submitted: December 4, 2006        Decided: December 21, 2006

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Pittarelli appeals the district court's order revoking his supervised release. Pittarelli contends the district court erred in finding that he violated the conditions of his supervised release and that the court's ex parte meeting with the probation officer violated his constitutional rights. We affirm.

We review the district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2000). After reviewing the materials in the joint appendix, we conclude the district court did not abuse its discretion in finding by a preponderance of the evidence that Pittarelli violated the terms of his supervised release. It is evident that the district court weighed the contradictory testimony and decided to credit the probation officer's version over Pittarelli's. It is not the province of this court to second-guess the credibility determinations of the factfinder. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Pittarelli also contends that the district court's ex parte meeting with the probation officer prior to the revocation hearing violated his constitutional rights. The materials in the

joint appendix do not reflect that such a meeting occurred, but the Government assumes for the sake of argument that one took place.

Because Pittarelli raises this issue for the first time on appeal, review is for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). To establish plain error, Pittarelli must show that an error occurred, that the error was plain, and that the error affected his substantial rights. Id. A probation officer is "a neutral, information-gathering agent of the court, not an agent of the prosecution." United States v. Johnson, 935 F.2d 47, 50 (4th Cir. 1991) (approving pre-sentence, ex parte meetings and describing these communications as "nonadversarial"). The probation officer's activities here were akin to preparing a presentence report and discussing the report with the court prior to initial sentencing, a practice we approved in Johnson. In any event, because Pittarelli is unable to show any bias or prejudice resulting from the communication, he cannot show plain error.

Accordingly, we deny Pittarelli's motion to supplement the reply brief, deny his motion to proceed pro se, and affirm the district court's revocation of his supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED