**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4044**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

ERIC THOMAS MYERS,

     Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:16-cr-00223-1)

Submitted:  June 30, 2017        Decided:  July 26, 2017

Before WILKINSON, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Willard Clinton Carte, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Thomas Myers appeals from the district court's order revoking his supervised release and sentencing Myers to five months' imprisonment and an additional term of supervised release, including 12 months to be served in a halfway house. Myers appeals. Counsel for Myers has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the following issues: (1) whether trial counsel was ineffective, (2) whether the judge and probation officer displayed "unprofessional, biased and prejudiced" behavior, and (3) whether requiring Myers to spend 12 months at a halfway house is plainly unreasonable. Myers filed a supplemental pro se brief in which he also challenges the reasonableness of this portion of his sentence and claims that the probation officer was "biased."

"Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. . . . Otherwise, the proper avenue for such claim is a 28 U.S.C. § 2255 [(2012)] motion filed with the district court." *United States v. Baptiste,* 596 F.3d 214, 216 n.1 (4th Cir. 2010). We find that ineffectiveness does not conclusively appear on the face of the record. There is no evidence in the transcript of any animus on the part of either the probation officer or the district court judge to which counsel could have objected. Moreover, Myers readily admitted the violations of the terms of his supervised release.

Both counsel and Myers, in his supplemental pro se brief, claim that the judge and the probation officer were biased against Myers. According to Myers, the district court judge had indicated that he was not inclined to impose a prison sentence until he had an

2

off-the-record discussion with the probation officer. Because this discussion is not included in the record, and Myers' allegation is merely conclusory, Myers fails to show bias on the part of the judge or the probation officer. Moreover, the probation officer is considered "a neutral, information-gathering agent of the court, not an agent of the prosecution." *United States v. Johnson*, 935 F.2d 47, 49-50 (4th Cir. 1991). Therefore, the judge's communication with the probation officer was not improper.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a sentence is "plainly unreasonable," this court first assesses whether the sentence is procedurally and substantively reasonable. *Crudup*, 461 F.3d at 438. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439. A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. *Crudup*, 461 F.3d at 439.

Here, the district court properly calculated Myers' policy statement range and noted the appropriate statutory maximum term. The court explained that "[i]n view of the nature and significance of the original misconduct leading to this indictment and conviction, and the violation conduct since his release from imprisonment, I think that we can accommodate Mr. Myers' need for some intensive treatment with a drug problem,

3

but we need to do it within the framework of a revocation and, some significant incarceration time."

Myers argues that the portion of his sentence requiring a 12-month stay in a halfway house is unreasonable. We review the "imposition of special conditions of supervised release for abuse of discretion." *United States v. Faulls*, 821 F.3d 502, 509 (4th Cir. 2016). "A judge has significant flexibility in formulating special conditions of supervised release," including the ability to impose a period of community confinement. *United States v. Marino*, 833 F.3d 1, 10 (1st Cir. 2016) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(d) (2012) (granting district court authority to order as condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)"); 18 U.S.C. § 3563(b)(11) (2012) (providing that district courts may require defendants to "reside at . . . a community corrections facility"). Courts may order special conditions of supervised release to the extent those conditions (1) are "reasonably related" to the offense and the defendant's history, the need to deter criminal conduct, the need to protect the public, and the need to provide the defendant with treatment or care; (2) "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve those purposes; and (3) are "consistent with any pertinent policy statements" in the Guidelines. 18 U.S.C. § 3583(d).

Applying this standard, we find that the district court did not abuse its discretion in imposing the additional condition of supervised release. The court took into consideration Myers' drug problem and the nature of the violations, and how soon he committed those violations after beginning his term of supervised release. In light of

4

these factors, the court noted that Myers "requires a more significant term of treatment following his release of [sic] incarceration than the 28 days" at the residential treatment facility requested by Myers' counsel. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Myers, in writing, of the right to petition the Supreme Court of the United States for further review. If Myers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Myers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*