**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph ROSENGARD, Defendant– Appellant.**

**No. 90–1511.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 12, 1990.

Decided Nov. 15, 1991.

Rehearing Denied Jan. 9, 1992.

Edward G. Kohler (argued), Crim. Div., Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Chicago, for plaintiff-appellee.

Jeffrey B. Steinback, Geena D. Cohen (argued), Genson, Steinback & Gillespie, Chicago, Ill., for defendant-appellant.

Before BAUER, Chief Judge, FLAUM and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Defendant Rosengard pled guilty, pursuant to a plea agreement, to one count of conspiring to engage in an illegal gambling business in violation of 18 U.S.C. § 371, and one count of failing to register with the Internal Revenue Service as a person engaged in the business of accepting wagers, in violation of 26 U.S.C. § 7203. The district judge found that defendant's base offense level was 12 and defendant was eligible for the two-level reduction for acceptance of responsibility, but that defendant's offense level could not be less than 11 under the criminal livelihood provision of the Sentencing Guidelines, § 4B1.3. *See* United States Sentencing Commission,

*Guidelines Manual*, § 4B1.3. Defendant appeals the propriety of the criminal livelihood enhancement.

Mr. Rosengard, along with nine other defendants, was charged with operating an illegal gambling business from 1983 to 1989. The business accepted bets and wagers on the outcome of sporting events. Mr. Rosengard managed one of the offices where he accepted bets by telephone, and personally paid and collected wagers from bettors. Although Mr. Rosengard knew that bookmakers were required to register with the Internal Revenue Service, he accepted wagers without registering.

After the charges were brought against him, Mr. Rosengard entered into a plea agreement with the government. Prior to the presentence investigation Mr. Rosengard, his attorney and the government agreed that the base offense level applicable to his offenses was 12. They further agreed that defendant was entitled to the two-level reduction for acceptance of responsibility. However, Mr. Rosengard, his attorney and the government also acknowledged in the plea agreement that these preliminary sentencing calculations would be subject to revision by the court in light of the results of the presentence investigation conducted by the probation officer, and the court's determination of the facts and the applicable law.

Before Mr. Rosengard was interviewed by the probation officer, his attorney advised him that candor during the interview would help to ensure a two-level reduction for responsibility. Following this advice, Mr. Rosengard frankly admitted to the probation officer during the presentence interview that he had been involved in organized gambling periodically throughout his life. The probation officer asked Mr. Rosengard how much money he estimated that he had earned from unlawful gambling. Mr. Rosengard responded that in his best year of

gambling he earned $40,000.00, in some years he lost money, and in other years he did not involve himself with gambling. Mr. Rosengard's tax returns for the years 1984 through 1988 reflect an adjusted gross income in excess of $24,000.00 for each year.[1]

In Mr. Rosengard's written statement, he admitted that he had gambled off and on his whole life, and that gambling was something he grew up with: "I believed if I was successful I could go into retirement and assure that my wife and I could live in peace." According to Mr. Rosengard, he held a nongambling job prior to 1984. However, after working three years at that job, he "decided to try to go back into sports betting in a temporary way while continuing at [his job]." He finally left the non-gambling job because the hours were hard on him, he had to drive into very dangerous neighborhoods, and he felt the company was not going to remain in business much longer. He explained that because his wife was ill and he "really didn't know anything else [he] could do," he went back into organized gambling in 1985.

At the sentencing hearing, the judge found that "during the presentence investigation and in his written statement to this court, defendant admitted that for several years he has engaged in illegal gambling through which he derived a substantial portion of his income." The judge further found that due to defendant's candid admissions with respect to his significant financial dependence on illegal gambling and pursuant to § 4B1.3 of the Guidelines, Mr. Rosengard's offense level could not be less than 11. Under the Guidelines, the criminal livelihood enhancement eliminates probation as a sentencing option.

Defendant's base offense level was 12. As a Criminal History Category I defendant, Mr. Rosengard could have been sentenced to ten[2] to sixteen months of impris-

---

1. Defendant's adjusted gross income was $26,442.00 in 1988, $39,681.00 in 1987, $24,547.00 in 1986, $49,075.00 in 1985 and $51,534.00 in 1984.

2. Under § 5C1.1(d) of the Guidelines, if the minimum term of the Guidelines range for imprisonment is more than six months and no more than ten months, then the minimum term of

imprisonment is one-half of the minimum term indicated in the Guidelines range. Thus the judge could impose a term of imprisonment of as few as five months.

onment if no adjustments had been made to the offense level; probation for offense level 12 is not permitted. With defendant's acceptance of responsibility reduction of two points, defendant's offense level became 10; this level permits a sentence of six[3] to twelve months and the option of probation. However, defendant's candor with the probation officer which enabled him to benefit from the two-point reduction and thus qualify for probation, also subjected him to the enhancement for criminal livelihood. Under the criminal livelihood enhancement, the minimum offense level permitted is 11. The applicable sentencing range for that level is eight[4] to fourteen months with no option for probation.

■■■ Mr. Rosengard argues that the district judge violated his fifth amendment privilege to be free from self-incrimination by using his statements made to the probation officer during the presentence interview to justify the increase in his offense level under the criminal livelihood provision. The fifth amendment provides that no person should be compelled to be a witness against himself in a criminal case. Defendant's argument assumes that a probation officer acts on behalf of the government prosecutors. As we have said before, and emphasize here today, "we do not believe the federal probation officer acts on behalf of the prosecution." *United States v. Jackson,* 886 F.2d 838, 842 n. 4 (7th Cir.1989). "A probation officer ... is an arm of the court charged with assisting the court in arriving at a fair sentence." *Id.* (citing *Brown v. Butler,* 811 F.2d 938, 941 (5th Cir.1987)). "[He] is an extension of the court and not an agent of the government [and] does not have an adversarial role in the sentencing proceedings." *Id.* The statements made by Mr. Rosengard

"were not made to someone acting on behalf of the government prosecutors, [t]hus, the fifth amendment was not implicated." *Id.* at 842 n. 4.

■■■ Mr. Rosengard also argues that the district judge erroneously found that defendant qualified for the criminal livelihood enhancement. Whether Mr. Rosengard engaged in illegal gambling as his livelihood is a finding of fact. Our standard of review of factual findings of the district judge is highly deferential, and therefore we must accept those factual findings on appeal unless they are clearly erroneous. *United States v. Hintzman,* 937 F.2d 1196, 1199 (7th Cir.1991). The criminal livelihood enhancement provides, "If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless § 3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11." U.S.S.G. § 4B1.3. The application notes to this section state,

"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wages under federal law; and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period. (*E.g.,* the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).

U.S.S.G. § 4B1.3.[5] "The object of section 4B1.3 (made clearer by a revision adopted on November 1, 1989, which changes 'from which he derived a substantial portion of

---

3. Under § 5C1.1(c) of the Guidelines, the minimum term of imprisonment would be one-half of the minimum term specified in the Guidelines range, or three months.

4. Under § 5C1.1(d) the minimum term of imprisonment would be four months, that was the term imposed by the judge in this case.

5. The district judge apparently applied the pre-November 1, 1989 version of this provision

which used the phrase "from which he derived a substantial portion of his income" rather than the phrase "engaged in as a livelihood" which is the phrase used in the current version. Given the application notes to the current version, we believe that the out-dated standard used by the judge was more stringent than the current standard, thus any error arising from the use of the earlier version was harmless error.

his income' to 'engaged in as a livelihood') is to distinguish the professional from the amateur criminal and punish the former more heavily." *Lee v. United States*, 939 F.2d 503, 504 (7th Cir.1991). Given Mr. Rosengard's income tax returns and job history for the years 1984–88, the district judge could reasonably have found that Mr. Rosengard derived a substantial portion of his income from illegal gambling or that his income from gambling exceeded $6,700.00 in any 12–month period.[6] In addition, in Mr. Rosengard's own words, he chose to be involved in gambling rather than to be legitimately employed, because he "didn't know anything else [he] could do" and if he was "successful [in gambling he] could go into retirement and assure that [his] wife and [he] could live in peace." From these statements, the district judge could reasonably have found that defendant chose to engage in criminal conduct rather than regular legitimate employment. We note that the judge was also permitted to consider the statements made to the probation officer under 18 U.S.C. § 3661 which states, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

 Defendant claims that, "the plea agreement is now, in effect, a broken promise," because Mr. Rosengard is not eligible for probation. But at the guilty plea proceedings, the court asked Mr. Rosengard if he understood that "the court will not be able to determine the Guideline sentence for your case until the presentencing investigation report has been completed and you and the government have had an opportunity to challenge the facts recorded by the probation officer, if indeed, there are any facts you wish to challenge?" Mr. Rosengard indicated that he understood the preliminary nature of the pre-sentencing sentence calculations. *C.f., United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir.1991) (holding that the defendant could not have a guilty plea set aside on the ground that the sentencing range calculated by the court from the presentence report was higher than he had estimated). Mr. Rosengard was advised by his attorney to be honest with the probation officer in order to ensure a reduction in his offense level for acceptance of responsibility. It may be unfortunate that under the Guidelines such frankness with the probation officer can properly be used by the district court judge to enhance a defendant's sentence under the criminal livelihood provisions. However, that is the law under the current Guidelines regime. *See* 18 U.S.C. § 3661. When a defendant tells all in order to benefit from acceptance of responsibility, he runs the risk of incurring further punishment for what he reveals. The district judge stated at the sentencing proceeding that, "I feel duty bound based upon [defendant's] admission to the probation officer to grant him an extra point because I am convinced beyond any per-adventure of a doubt that [Mr. Rosengard] derived a substantial portion of his income from gambling sources." The record shows that the district judge relied not only on the presentence report, but also on Mr. Rosengard's written statements. We do not find it to be inherently unfair for defendant to be punished for engaging in illegal gambling as his livelihood, a factual finding with ample support in Mr. Rosengard's own written statement and the probation officer's report of Mr. Rosengard's statements made at the presentence interview.

We therefore AFFIRM the decision of the district court.

---

**6.** At the time of sentencing, Section 4B1.3 referenced $6,700.00 as 2000 times the hourly minimum wage. The specific reference to $6,700.00 was removed by amendment effective November 1, 1990.