2005 SD 1

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Oscar KAUK, Defendant and Appellant.**

**No. 23141.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 15, 2004.

Decided Jan. 5, 2005.

---

Lawrence E. Long, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Randall B. Turner, Aberdeen, South Dakota, Attorney for defendant and appellant.

PER CURIAM.

[¶ 1.] Oscar Kauk appeals the sentence imposed on his conviction for one count of third degree rape and one count of furnishing an alcoholic beverage to a person under age eighteen. We affirm.

### FACTS

[¶ 2.] The two female victims in this case, ages seventeen and thirteen, lived in a juvenile care facility in Aberdeen. The older victim was acquainted with seventy-three-year-old Kauk because he had once dated her aunt. On two different occasions in June 2003, the victims left their care facility on a pass and visited Kauk's residence where they engaged in various sexual acts with him in exchange for alcoholic beverages and money.

[¶ 3.] The victims' supervisors at their care facility learned of these incidents and reported the matter to law enforcement. An investigation followed during which Kauk made damaging admissions to the allegations against him. Kauk was ultimately indicted for two counts of third degree rape and four counts of furnishing alcoholic beverages to a person under age eighteen.[1] Plea bargaining ensued and, in exchange for a dismissal of all other charges, Kauk pled guilty to one count of third degree rape and one count of furnishing alcohol to a person under age eighteen. A presentence investigation was ordered and conducted and sentencing took place on January 14, 2004.

[¶ 4.] During the sentencing hearing, Kauk's counsel made the following motions: to seal the presentence investigation report; for the preparation of a new report; and for the court to recuse itself to allow re-sentencing by a different judge. In support of his motions, counsel asserted that, due to Kauk's age, poor health, limited education and illiteracy, he had asked to be present during Court Services' presentence interview with Kauk. Counsel further asserted that, despite his request, Court Services conducted the interview in his absence. Counsel indicated that he had instructed Kauk that under no circumstances should he talk to Court Services without him being there and that he had only permitted Kauk to meet with Court Services in the belief that Kauk was going to get some paperwork that he could complete with counsel's assistance. Nevertheless, Kauk met with the Court Services officer and went through an interview in which he professed his innocence and lack of remorse for his crimes. Counsel claimed Court Services' actions constituted

---

1. The third degree rapes were charged as Class 3 felonies under SDCL 22–22–1(5)(victim ten years of age, but less than sixteen, and perpetrator at least three years older than victim). The furnishing alcohol offenses were charged as Class 1 misdemeanors under SDCL 35–9–1 (Class 1 misdemeanor to give alcoholic beverage to any person under age eighteen).

a denial of Kauk's right to counsel under the state and federal constitutions.

[¶ 5.] Following counsel's motions, the sentencing court engaged in a colloquy with Kauk in which Kauk admitted that counsel had told him that he wanted to be present when he spoke with Court Services. Kauk further admitted that he had gone to meet with Court Services on his own and stated that counsel did not come because "he had something else to do." When asked by the court whether he knew that he could have refused to make any comments, Kauk stated, "I suppose."

[¶ 6.] Based upon counsel's argument and the colloquy with Kauk, the court made the following oral findings and decision on counsel's motions:

> Well, I realize that Mr. Kauk does not write very well or read very well, but I do think he understands the nature of the proceedings, the nature of what's involved with the charges. He understands the plea that he made. We had two hearings on the arraignment. We had to continue the arraignment after one because we had a problem establishing a factual basis, and of course that's the whole basis essentially for [counsel] making the motion. Because now as the Court reads the presentence investigation and report, there is essentially a denial by the defendant that he did anything wrong and a denial that he committed the crime of rape, and he said he didn't touch the girls, and he said he was—it was sort of a frame-up deal, which of course is information that the Court does deem relevant as far as whether or not this defendant is showing any remorsefulness for his acts or whether he is acknowledging the wrongfulness of his acts which based upon the interview with [Court Services] he then denied.

> However, I would find that after visiting today with Mr. Kauk that it appears to me that he knew that his attorney could have been present. He knew that he had a right to say nothing to [Court Services] if he made that election, and he appeared voluntarily for the presentence investigation, and on that basis I think it was voluntary.

> So I'm going to deny the motion to seal the presentence report, deny the motion that the matter be assigned to a new judge.

[¶ 7.] After ruling on counsel's motions, the court sentenced Kauk to four years in the penitentiary and a fine and costs of $655 for third degree rape. The court also sentenced Kauk to a suspended sentence of thirty days in the county jail and a fine and costs of $175 for the furnishing alcohol offense. Kauk appeals.

### ISSUE ONE

[¶ 8.] **Did Court Services' interview with Kauk without the presence of his attorney constitute a denial of his right to counsel under the state and federal constitutions?**

[¶ 9.] Relying primarily on *Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999) and *State v. Wiegers*, 373 N.W.2d 1 (S.D.1985), Kauk argues that his presentence interview with Court Services without the presence of his attorney constituted a denial of his right to counsel under the state and federal constitutions.

[¶ 10.] *Mitchell* held that a guilty plea does not constitute a waiver of the Fifth Amendment privilege against self incrimination and that a sentencing court may not draw adverse inferences from a defendant's silence in determining facts about the crime that bear upon the severity of the sentence. *Mitchell* did *not* address a

defendant's Sixth Amendment right to counsel during a presentence interview.

[¶ 11.] This Court held in *Wiegers* that the State's pretrial interrogation of a defendant in the absence of, and without notice to, his counsel constituted a violation of his right to counsel under the state constitution requiring suppression of any statements obtained. The present case, however, does not involve a pretrial interrogation by the State, but a post-guilty plea/presentence interview by a Court Services worker acting on behalf of the sentencing court.

[¶ 12.] Federal authorities specifically addressing the issue generally hold that there is no Sixth Amendment right to counsel at a presentence interview. As outlined in United *United States v. Leonti,* 326 F.3d 1111, 1119–1120 (9th Cir.2003):

> [W]e adopted the holdings of the other circuits to consider the question and implicitly endorsed their reasoning. *See* [*United States v. Benlian,* 63 F.3d 824, 827–28 (9th Cir.1995) ](citing *United States v. Washington,* 11 F.3d 1510, 1517 (10th Cir.1993); *United States v. Bounds,* 985 F.2d 188, 194 (5th Cir. 1993); *United States v. Tisdale,* 952 F.2d 934, 940 (6th Cir.1992); *United States v. Johnson,* 935 F.2d 47, 50 (4th Cir.1991); *United States v. Jackson,* 886 F.2d 838, 844–45 (7th Cir.1989)). Rather than the discretionary nature of sentencing, these circuits focused primarily on the non-adversarial nature of a presentence interview, which is commonly conducted by a probation officer. *In United States v. Gordon,* 4 F.3d 1567 (10th Cir.1993), the Tenth Circuit noted that the right to counsel attaches only at "'critical stages of the *prosecution.*'" *Id.* at 1571 (quoting [*Kirby v. Illinois,* 406 U.S. 682, 690, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972))](emphasis in original). Because the probation officer "is not an agent of the prosecution [,] ... has no adversarial role in the sentencing proceedings[,] ... [and] acts as a neutral information gatherer for the judge," the right to counsel does not attach. *Id.* at 1571–72; *see also Tisdale,* 952 F.2d at 939–40 (holding that because the probation officer "does not act on behalf of the prosecution," a presentence interview is not a critical stage); *Jackson,* 886 F.2d at 844 ("A federal probation officer is an extension of the court and not an agent of the government."); *Brown v. Butler,* 811 F.2d 938, 941 (5th Cir.1987)(holding that there is no right to counsel at a presentence interview because the probation officer is "an arm of the court charged with assisting the court in arriving at a fair sentence").

*Accord United States v. Archambault,* 344 F.3d 732, 736 n. 4 (8th Cir.2003)(no court has found the Sixth Amendment right to counsel applies to routine presentence interviews). *See also United States v. Tyler,* 281 F.3d 84, 96 (3d Cir.2002)(no court has found the Sixth Amendment right to counsel applies to routine presentence interviews); *United States v. Washington,* 11 F.3d 1510, 1517 (10th Cir.1993)(presentence interview is not a critical stage of the proceeding within the meaning of the Sixth Amendment and, therefore, a defendant has no Sixth Amendment right to the presence or advice of counsel during his presentence interview); *United States v. Hicks,* 948 F.2d 877, 885 (4th Cir. 1991)(there is no Sixth Amendment right to counsel at a routine presentence interview because the presentence interview is not a critical stage of the criminal proceedings); *In re Carter,* 848 A.2d 281, 299 (Vt.2004)(state cases tend to follow federal majority cases holding there is no Sixth Amendment right to counsel in a presentence interview). *But see State ex rel. Russell v. Jones,* 293 Or. 312, 647 P.2d 904, 907 (1982)(Sixth Amendment requires that

counsel may not be barred from attendance at a presentence interview); *Carter, supra* (holding presentence interview to be a critical stage of the sentencing process and that the Sixth Amendment right to counsel attaches to the interview).

[¶ 13.] Based upon the majority rule followed by the foregoing authorities, we hold that there was no denial of Kauk's right to counsel during his presentence interview.

### ISSUE TWO

[¶ 14.] **Whether Kauk's right to remain silent was violated during his presentence interview?**

[¶ 15.] Once again relying on *Wiegers, supra* and also relying on *State v. Garber*, 2004 SD 2, 674 N.W.2d 320, Kauk argues that his state and federal constitutional rights to remain silent were violated during his presentence interview. *Wiegers*, however, has been previously distinguished as relating to the right to counsel and the right to remain silent at an investigatory stage prior to conviction rather than during a presentence interview conducted after entry of a guilty plea.

[¶ 16.] *Garber, supra* followed the Supreme Court's holding in *Mitchell, supra* extending the right to remain silent to sentencing proceedings and holding that negative inferences cannot be drawn from the exercise of that right during such proceedings. However, *Garber* also recognized that the right to remain silent is waived unless invoked and that a person must claim the right or he will not be considered to have been compelled to be a witness against himself. *See Garber*, 2004 SD 2 at ¶ 23, 674 N.W.2d at 326 (citing *United States v. Monia*, 317 U.S. 424, 427, 63 S.Ct. 409, 87 L.Ed. 376 (1943); *Minnesota v. Murphy*, 465 U.S. 420, 427, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984); *State v.*

*Dilworth*, 83 S.D. 363, 366, 159 N.W.2d 795, 796 (1968)).

[¶ 17.] In *Garber*, this Court found that the record failed to indicate that the defendant or his attorney affirmatively asserted the right to remain silent at a sentencing hearing when neither the defendant nor his attorney objected to any of the court's questions and when the defendant voluntarily took the opportunity to speak on his own behalf. *See id* at ¶ 24. Here, the record fails to show any affirmative assertion of the right to remain silent during the presentence interview until after Kauk had already stated that his situation was a "frame up deal," that the victims simply took the alcohol and that he did not touch them or have sex with them. Only after that point did Kauk ask whether he should have his attorney with him and state that he did not want to answer any more questions. There was no further questioning of Kauk about his offenses after that point in time.

[¶ 18.] Given the standards in *Garber* and Kauk's belated assertion of his right to remain silent during his presentence interview, we hold that the sentencing court was not clearly erroneous in finding that Kauk's appearance and unremorseful statements were voluntary. *See State v. Erickson*, 525 N.W.2d 703, 707 (S.D.1994)(findings concerning voluntariness of statements reviewed under clearly erroneous standard with evidence considered in light most favorable to findings). Clearly Kauk's statements were not made in the absence of knowledge about his right to remain silent because counsel instructed Kauk of his rights prior to the presentence interview. Moreover, Kauk actually asserted his right to remain silent during the interview and questioning ceased. In addition, it is generally settled that *Miranda* warnings are not required before presentence interviews. *See Tyler,*

281 F.3d at 95 (we have never held a probation officer must administer *Miranda* warnings before conducting presentence interviews)(citing *United States v. Frierson,* 945 F.2d 650, 660 n. 5 (3d Cir.1991))(observing this position is consistent with that in other circuits). *See also United States v. Jones,* 266 F.3d 804, 812 n. 7 (8th Cir.2001)(questionable whether *Miranda* is even implicated in a presentence interview by a probation officer)(citing *Baumann v. United States,* 692 F.2d 565, 575–77 (9th Cir.1982)(*Miranda* not applied to routine presentence interviews); *United States v. Rogers,* 921 F.2d 975, 979 (10th Cir.1990)(Miranda warnings not required prior to routine presentence interviews)); *Jackson,* 886 F.2d at 842 n. 4 (finding that Fifth Amendment is not implicated by federal probation officer).

[¶ 19.]   Based upon the foregoing, there were no violations of Kauk's right to counsel or of his right to remain silent during his presentence interview.[2]

[¶ 20.]   Affirmed.

[¶ 21.]   GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

---

**2.** Although Kauk argues both his state and federal constitutional rights to counsel and to remain silent were violated, he provides no separate analysis of those rights under the State Constitution or justification for a more expansive construction of them under the State Constitution than under the U.S. Constitution. *See State v. Schwartz,* 2004 SD 123, 689 N.W.2d 430 (Konenkamp, J. concurring in result).