## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

 v.

Alfredo Prieto

May 6, 2008

Case No. FE 2005-1764

BY JUDGE RANDY I. BELLOWS

The present motion before the Court is Defendant Alfredo Prieto's Motion to Allow Counsel to be Present During Probation Officer's Interview. The motion presents the following question of first impression in this jurisdiction, does a defendant in a capital case have a Sixth Amendment right to counsel at the pre-sentence interview conducted by the probation officer? For the reasons stated herein, the Court finds that there is no such Sixth Amendment right. The Defendant's motion is, therefore, denied.

### I. *Parties' Positions*

Defendant argues that, due to the role "the pre-sentence report plays in the sentencing process, and given what is at stake here, it is thus clear that Mr. Prieto is entitled under the Sixth Amendment to have his lawyer present at any probation interview." (Mot. to Allow Counsel to be Present During Probation Officer's Interview at 2.) Defendant argues that this Court should agree with the Ninth Circuit Court of Appeals' holding in *Hoffman v. Arave*, 236 F.3d 523 (2001), which was that the capital context should be distinguished from non-capital cases and, thus, counsel have a Sixth Amendment right to be present at Defendant's probation interview. Defendant argues that "[t]he interview with the probation officer . . . presents a veritable mine field of legal issues which could have a major impact on Prieto's life." (Mot. to Allow Counsel to be Present During Probation Officer's Interview at 4.) These

include the fact that Defendant "faces a capital proceeding in Arlington . . . and the Commonwealth may try to use his statements here against him there, both as to guilt and as to sentence." (Mot. to Allow Counsel to be Present During Probation Officer's Interview at 3-4.) Thus, "[g]iven all that is at stake, [Defendant] believe[s] that counsel should be allowed to aid [Defendant] at the interview." (Mot. to Allow Counsel to be Present During Probation Officer's Interview at 4.)

The Commonwealth argues that the United States Court of Appeals for the Fourth Circuit has specifically rejected the Defendant's argument in both *United States v. Hicks*, 948 F.2d 877 (4th Cir. 1991), and *United States v. Johnson*, 935 F.2d 47 (4th Cir. 1991). The Commonwealth denies that the capital context is any different from non-capital, since "[t]he distinction does not change the analysis or the reasons why a presentence interview is not a critical stage in a criminal proceeding for the purpose of Sixth Amendment right to counsel." (Commonwealth's Resp. to Def.'s Mot. to Allow Counsel to be Present During Probation Officer's Interview at 1.) The Commonwealth argues that "[t]he analysis revolves around the nature of the interview, not the stakes involved in terms of potential sentences," and that "[i]n this case, as in all others, the presentence interview will be done by a probation officer, an agent of the Court. No adversarial proceeding will take place and no prosecutorial forces will be present. No Sixth Amendment right to counsel is triggered." (Commonwealth's Resp. to Def.'s Mot. to Allow Counsel to be Present during Probation Officer's Interview at 2.)

## II. *Analysis*

### A. *Applicable Law*

Va. Code § 19.2-264.5 states:

When the punishment of any person has been fixed at death, the court shall, before imposing sentence, direct a probation officer of the court to thoroughly investigate the history of the defendant and any and all other relevant facts, to the end that the court may be fully advised as to whether the sentence of death is appropriate and just. Reports shall be made, presented, and filed as provided in § 19.2-299. . . . After consideration of the report, and upon good cause shown, the court may set aside the sentence of death and impose a sentence of imprisonment for life. . . .

Va. Code Ann. § 19.2-264.5 (2008).

In *Kirby v. Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972), the U.S. Supreme Court held that the Sixth Amendment right to counsel attaches only at a "critical stage of the prosecution." *Id.* at 690. Further, in *Gardner v. Florida*, 430 U.S. 349, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977), the Court clarified that "the sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel." *Id.* at 358.

Four years later, in *Estelle v. Smith*, 451 U.S. 454, 101 S. Ct. 1866, 68 L. Ed. 2d 359 (1981), the Court held that a "critical stage" of the prosecution includes a pre-trial psychiatric examination of a defendant. *Id.* at 470. In *Estelle*, defense counsel had been given no advance warning that the psychiatric examination would "encompass the issue of their client's future dangerousness." *Id.* at 471. The specific issue before the Court in *Estelle* was "whether the prosecution's use of psychiatric testimony at the sentencing phase of respondent's capital murder trial to establish his future dangerousness violated his constitutional rights." *Id.* at 456. The Court found that the defendant had been "denied the assistance of his attorneys in making the significant decision of whether to submit to the examination and to what end the psychiatrist's findings could be employed." *Id.* Of note is that the *Estelle* Court qualified its holding by emphasizing the following:

> Respondent does not assert, and the Court of Appeals did not find, any constitutional right to have counsel actually present during the examination. In fact, the Court of Appeals recognized that "an attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination."

*Id.* at 471, n. 14.

In regard to whether a presentence interview constitutes a "critical stage" of a criminal proceeding for Sixth Amendment purposes, only one federal circuit has decided in the affirmative.[1] In *Hoffman v. Arave*, 236 F.3d 523 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit

---

[1] Virginia law appears to be silent on the issue. This Court is aware of no Virginia case law that is precisely on point, and neither of the parties cite a Virginia case in their respective briefs.

explicitly found that "a presentence interview in a capital case is a 'critical stage' for the purpose of the Sixth Amendment's right to counsel." *Id.* at 540. In *Hoffman*, the Defendant alleged that the district court had erred in finding that his Sixth Amendment right to counsel "was not violated by the Idaho trial court's refusal to allow petitioner's attorney to be present at the presentence interview conducted by a state probation official." *Id.* at 527. Relying upon *Estelle*, the Ninth Circuit concluded as follows:

> [D]efendants should not face presentencing stages in capital cases without the benefit of counsel. . . . The presentence interview is a mandatory part of Idaho's capital sentencing scheme and forms the basis of the presentence report considered by the court during sentencing. "Given the gravity of the decision to be made at the penalty phase, the State is not relieved of the obligation to observe fundamental constitutional guarantees." The stakes for the defendant and for society are too high to allow defendants to face this important component of the sentencing process without the "guiding hand of counsel." We find that this conclusion is dictated by Supreme Court and Ninth Circuit precedent available at the time of [the defendant's] conviction. . . .

*Id.* at 540 (internal citations omitted).

Other circuits, in the context of non-capital cases, have reached the opposite conclusion in regard to the presentence interview. For example, the United States Court of Appeals for the Fourth Circuit, in both *United States v. Johnson*, 935 F.2d 47 (4th Cir. 1991), and *United States v. Hicks*, 948 F.2d 877 (4th Cir. 1991), has held that "the presentence interview is not a critical stage of the criminal proceedings." 948 F.2d at 885. *Hicks* involved a defendant who had pleaded guilty to possession of cocaine with intent to distribute. 948 F.2d at 879. Hicks alleged that a "misleading statement he made to the probation officer was obtained in violation of his *Fifth Amendment* right against self-incrimination and his *Sixth Amendment* right to counsel." *Id.* at 885. In *United States v. Johnson*, the Defendants, who had been convicted of possession of cocaine with intent to distribute, appealed on the grounds that "an *ex parte* presentence conference between their probation officers and the district judge violated their *sixth amendment* rights to effective assistance of counsel and confrontation of witnesses." *Id.* at 48. The Fourth Circuit Court affirmed the lower court's decision on that issue, reasoning as follows:

The *sixth amendment* right to counsel guarantees the assistance of counsel to a defendant confronted by "prosecutorial forces;" constitutional protections need not be invoked in the absence of adversarial proceedings. For example, several circuits have held that a presentence interview is not a critical stage because a probation officer does not have an adversarial role during a presentence interview with a defendant. In declining to find that a right to counsel attaches during a presentence interview, courts have reasoned that a probation officer is an agent of the court and assists the court in arriving at a just sentence.

We find this reasoning, persuasive in the case of a presentence interview, compelling when applied to appellants' claim of a right to counsel during an *ex parte* presentence conference. During these nonadversarial communications, the court confers with its own agent in the absence of the defendant or any representative of the prosecution. We hold that an *ex parte* presentence conference between a court and a probation officer is not a critical stage of the sentencing proceedings.

*Id.* at 50 (internal citations omitted).

More recently, in another Fourth Circuit decision, *United States v. Byers*, 100 Fed. App'x 139 (4th Cir. 2004), the Court held, that "[w]hile the *Sixth Amendment* right to counsel guarantees the assistance of counsel to a defendant confronted by 'prosecutorial forces,' constitutional protections need not be invoked in the absence of adversarial proceedings." *Id.* at 142." This is because "[t]hroughout the process of interviewing a defendant, preparing a presentence report, and discussing the report during a presentence conference with the court, a probation officer is a neutral, information-gathering agent of the court, not an agent of the prosecution." *Id.*

Other circuits have reached similar conclusions, albeit in the context of non-capital cases. See, e.g., *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993) ("Given that Defendant had no Sixth Amendment right to the presence or advice of counsel during the presentence interview, he cannot obtain relief for original counsel's failure to inform him of his *Fifth Amendment* right to refuse to answer the probation officer's presentence interview questions."); *United States v. Jackson*, 886 F.2d 838, 840 (7th Cir. 1989) ("We find no *sixth amendment* right to assistance of counsel at a presentence interview conducted by a probation officer and affirm the

sentence imposed for contempt."); *United States v. Tisdale*, 952 F.2d 934, 936 (6th Cir. 1992) (holding that the Sixth Amendment's "guarantee of assistance does not extend to presentence interviews");[2] *United States v. Archambault*, 344 F.3d 732, 736, n. 4 (8th Cir. 2003) (stating that "no court has found the *Sixth Amendment* right applies to routine presentence interviews");[3] *Brown v. Butler*, 811 F.2d 938, 941 (5th Cir. 1987) (holding that the Sixth Amendment does not require allowing Defendant to consult with counsel prior to his presentence interview with a probation officer).

Notably, in *United States v. Jackson*, the Court states:

> A district judge's use of a defendant's statement to a probation officer in applying the Sentencing Guidelines is markedly unlike the *prosecutor's* adversarial use of a defendant's pretrial statement to a psychiatrist to carry the state's burden of proof before a jury [as in *Estelle*]. A federal probation officer is an extension of the court and not an agent of the government. The probation officer does not have an adversarial role in the sentencing proceedings. In interviewing a defendant as part of the presentence investigation, the probation officer serves as a neutral information gatherer for the sentencing judge. The interview of a defendant is but one of many aspects of the presentence investigation conducted by a probation officer.

*Id.* at 844.

---

[2] The *Tisdale* Court did state, however, that it "would be prepared, in the exercise of [its] supervisory powers, to require probation officers to honor requests for the presence of counsel during such interviews," but that "the record in the case at bar d[id] not indicate that any such request was ever made. . . ." *Id.* at 936.

[3] The *Archambault* Court, although it did hold that the Sixth Amendment did not apply, also stated that this was because "Archambault voluntarily participated in the presentence investigation," and that "[f]urthermore, Archambault 'has not alleged or shown that his attorney's presence was requested or that his attorney was excluded from the interview'." *Id.* at 736, n. 4. As the Court noted, "Archambault's attorney concede[d] that he had a right to be present for the presentence interview," and "he was notified of when and where the interview was to take place, but . . . he chose not to attend the interview (because of a conflict in his schedule and the distance to where the defendant was incarcerated)." *Id.*

B. *Discussion*

It is clear that the vast majority of federal courts agree that a presentence interview does not constitute a "critical stage" of a criminal proceeding for purposes of the Sixth Amendment right to counsel. Although the Ninth Circuit Court of Appeals held that the capital context is in fact "different," it is noteworthy that *Hoffman* relied heavily upon the U.S. Supreme Court's decision in *Estelle*. A presentence interview with a probation officer is, however, highly distinguishable from the interview with the psychiatrist that was at issue in *Estelle*. This is because a probation officer is, as the United States Court of Appeals for the Fourth Circuit held in *Johnson*, "an agent of the court [that] assists the court in arriving at a just sentence." 935 F.2d at 50.

Whether a probation officer in Virginia is an "agent" of the court need not be resolved in this opinion. The critical consideration regarding probation officers is that their interviews with defendants are not adversarial and that, in conducting such interviews, they do not act as an arm of the prosecution. The Court would note, however, that there is some authority for the proposition that a probation officer's relationship with a Virginia circuit court is not classically that of an "agent," as that term is used in some of the federal case law on this subject. See, e.g., *Johnson*, 935 F.2d at 50. Indeed, a communication between a probation officer and a circuit court judge is a prohibited *ex parte* contact if conducted outside the presence of counsel and the defendant. See Commonwealth of Virginia Judicial Ethics Advisory Committee Opinion 00-4 (2000).

In addition, it is significant that the *Estelle* Court specifically stated that the defendant who had been convicted of capital murder in *Estelle* "d[id] not assert, and the Court of Appeals did not find, any constitutional right to have counsel actually present during the examination." 451 U.S. at 471, n. 14.

In summary, this Court finds that "a presentence interview is not a critical stage because a probation officer does not have an adversarial role during a presentence interview with a defendant." 935 F.2d at 50. To put it another way, there is no Sixth Amendment right to counsel at a probation officer's presentence interview of the defendant.

## III. *Conclusion*

For the foregoing reasons, the Defendant's Motion to Allow Counsel to be Present During Probation Officer's Interview is hereby denied.

This Court has also considered whether it has the inherent authority to order the probation officer to allow Defendant's counsel to be present during its interview of the Defendant and, if the Court does have such authority, whether to exercise it in this case. This Court finds that it does have such authority, but that its authority should not be exercised in the instant case. A probation officer's interview is not an adversarial proceeding with counsel for each side present as well as a court reporter and the court itself. Grafting onto the probation officer's interview the panoply of protections and rights afforded to defendants in court proceedings would convert this non-adversarial meeting between a defendant and a probation officer into an adversarial proceeding.

It should be emphasized that nothing in this letter opinion limits in any respect the guidance and direction which counsel may provide his client in advance of the interview.